UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

HASAAN BEAZER,              )
                           )   CIVIL ACTION NO.
            Petitioner,    )   16-11213-DPW
                           )
v.                         )
                           )   CRIMINAL ACTION NO.
UNITED STATES,             )   13-10119-DPW
                           )
            Respondent     )
                           )

MEMORANDUM AND ORDER
February 6, 2019

This matter arises out of the 2014 conviction of the
Petitioner, Hasaan Beazer, for being a Felon in Possession of a
Firearm, in violation of 18 U.S.C. § 922(g)(1).  On February 13,
2014, Mr. Beazer was sentenced to 15 years and 8 months in
prison for that offense as an armed career criminal subject to
the minimum mandatory sentencing enhancement imposed by the
Armed Career Criminal Act ("ACCA").

In 2016, Mr. Beazer filed the present petition for habeas
corpus to vacate and correct his sentence under 28 U.S.C.
§ 2255, arguing that, in light of *Johnson* v. *United States*
("*Johnson II*"), 135 S. Ct. 2551 (2015), he does not qualify as
an armed career criminal and is entitled to resentencing.

For the reasons stated below, the petition will be granted,
and Mr. Beazer will be resentenced.

# I. BACKGROUND

## A. *Factual Background.*

On April 23, 2014, Mr. Beazer was charged in a one count indictment with being a felon in possession of a firearm, specifically, a Walther PPK .380 caliber pistol and six rounds of .380 caliber ammunition, in violation of 18 U.S.C. § 922(g)(1). Mr. Beazer pled guilty to the offense pursuant to a plea agreement.

The Presentence Investigation Report ("PSR") prepared by the Probation Office prior to sentencing found Mr. Beazer had three prior state convictions for either a violent felony or a serious drug offense, and therefore was an armed career criminal subject to a sentencing enhancement. In particular, the PSR listed the following convictions as predicate offenses for the purposes of the ACCA sentencing enhancement:

(1) June 26, 2007 convictions in Norfolk Superior Court for Assault and Battery with a Dangerous Weapon, Simple Assault and Battery, Carjacking, and Armed Robbery. [PSR ¶ 32];

(2) August 20, 2007 convictions in New Bedford District Court for Assault and Battery with a Dangerous Weapon and Simple Assault. [PSR ¶ 34]. The PSR also indicated that it considered another August 20, 2007 conviction for Assault with a Dangerous Weapon and a

conviction for Simple Assault, part of the same

incident and August 20, 2007 sentencing.[1]  [PSR ¶ 33];

and,

(3)  A February 11, 2013 conviction in Fall River District

court for Possession with Intent to Distribute a Class

B and Class E substance.  [PSR ¶ 36].

Mr. Beazer did not object to his classification as an armed

career criminal under the ACCA, but argued that I should lower

his criminal history category as an exercise of my discretion

because his prior crimes were the result of his mental health

issues, and because the mandatory minimum sentence imposed by

ACCA was disproportionate to the severity of his offense.  I

rejected that argument and, on February 13, 2014, sentenced Mr.

Beazer to 188 months incarceration, with credit for time served,

and 3 years of supervised release.  The sentence was tailored to

reflect his status as an armed career criminal, the seriousness

of the underlying offense, and his circumstances with respect to

mental health and substance abuse.

If Mr. Beazer had not been classified as an armed career

criminal, he would have been subject, at most, to ten years

incarceration – the statutory maximum penalty for a violation of

---

[1] In addition, the defendant was also convicted on August 20,
2007 of disorderly conduct.  There has never been a contention
in this case that this offense can be an ACCA predicate.

18 U.S.C. § 922 in the absence of the ACCA sentencing

enhancement.  *See* 18 U.S.C. §§ 922(g)(1), 924(a)(2).

**B.   *Procedural Background and the Present Petition***

   1.   The ACCA and the Supreme Court's Decision in
        *Johnson II*

The ACCA directs imposition of a mandatory minimum sentence

of 15 years incarceration for "[any] person who violates

section 922(g) . . . and has three previous convictions by any

court . . . for a violent felony or a serious drug offense, or

both, committed on occasions different from one another."  18

U.S.C. § 924(e)(1).  Individuals who do not have three prior

convictions and therefore do not qualify for the sentencing

enhancement are subject to a maximum penalty of ten years

incarceration for violations of 18 U.S.C. § 922.  18 U.S.C.

§ 924(a)(2).

Under the statute, a "serious drug offense" includes any

federal offense "under the Controlled Substances Act . . . the

Controlled Substances Import and Export Act . . . or chapter 705

of Title 46" or any state offense "involving manufacturing,

distributing, or possessing with intent to manufacture or

distribute, controlled substance" "for which a maximum term of

imprisonment of ten years or more is prescribed by law."  18

U.S.C. § 924(e)(2)(A).  The term "violent felony" is defined as

any felony that either "(i) has as an element the use, attempted

use, or threated use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B).

In 2015, the Supreme Court in *Johnson II* concluded the last clause of 18 U.S.C. § 924(e)(2)(B), known as the residual clause, was unconstitutionally vague. *Johnson II*, 135 at 2259. "[T]he residual clause," the Court held, "leaves grave uncertainty about how to estimate the risk posed by a crime" because it "ties the judicial assessment of risk to a judicially imagined 'ordinary case' of a crime." *Id.* It also "leaves uncertainty about how much risk it takes for a crime to qualify as a violent felony," especially because the residual clause required judges to apply "an imprecise 'serious potential risk' standard" to "a judge-imagined abstraction." *Id.* at 2558. However, the Court left in place both the first clause of section 924(e)(2)(B), known as the force clause, and the definition of a "serious drug offense" under section 924(e)(1).

The following year, on April 18, 2016, the Court held that "*Johnson* [*II*] announced a substantive rule that has retroactive effect in cases on collateral review." *Welch* v. *United States*, 136 S. Ct. 1257, 1268 (2016).

<u>2.    The Present Petition</u>

In his June 23, 2016 motion to vacate and correct his sentence pursuant to 28 U.S.C. § 2255, Mr. Beazer argues that he was improperly characterized as an armed career criminal under 18 U.S.C. § 924(e) because certain prior convictions were no longer valid predicate offenses for the purposes of ACCA.

## II. THE DRUG OFFENSE

In addition to his claims for relief under *Johnson II*, which I address in Section III below, Mr. Beazer also argues that his February 11, 2013 conviction for Possession with Intent to Distribute Crack Cocaine, should not be considered a predicate offense under ACCA.  Mr. Beazer concedes that this particular basis for relief does not flow from *Johnson II*, but instead presents it as an alternative.

For the reasons set forth below, I find both that this argument is barred and that, even if not barred, it fails on the merits.  Mr. Beazer's February 11, 2013 conviction for Possession with Intent to Distribute Crack Cocaine was properly classified as a predicate offense under ACCA and his belated effort to assert this claim is unavailing.

**A.    *Threshold Barriers*.**

Mr. Beazer's contention that his drug conviction was not properly counted as an ACCA predicate is both untimely and procedurally defaulted.

## 1. Timeliness

Under federal law, an individual seeking habeas relief must bring his claim within a one-year statutory limitations period that runs from the latest of:

> (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action . . . is removed; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which facts supporting the claim . . . could have been discovered.

28 U.S.C. § 2255(f).

Here, Mr. Beazer filed his petition for habeas relief with respect to the classification of his drug conviction on June 23, 2016, more than one year after his conviction and sentence in federal court became final on February 13, 2014. [Dkt. No. 41]. What is more, while *Johnson* announced a new rule of constitutional law with retroactive effect, *see Welch*, 136 S. Ct. at 1268, its holding did not implicate the definition of a "serious drug offense" under ACCA. It certainly did not recognize a right that is applicable to any drug offense claim. Consequently, the one-year limitations period for this claim did not reset on June 26, 2015, when *Johnson II* was announced; nor did it reset on April 18, 2016, when *Johnson II* was made retroactively applicable on collateral review. *Id.*

Mr. Beazer has made no contention here that he was somehow impeded from bringing this claim earlier by some action or omission on the part of the Government; nor does he allege any newly discovered facts that would affect his claim.

I conclude Mr. Beazer's claim with respect to his drug conviction is therefore barred by the one-year limitations period established by 28 U.S.C. § 2255.

2.   Procedural Default

Even if Mr. Beazer could be said to have filed his claim for relief with respect to the drug conviction within the one-year limitations period, I find his claim to be procedurally defaulted.  Mr. Beazer did not object, either in his sentencing memorandum, or during his sentencing, to his classification as an armed career criminal.  Nor did he object to the classification of his February 11, 2013 drug conviction as a predicate offense under the ACCA.  Though he had a right to appeal, he did not seek direct review of his sentence or of his classification as a career offender.  Consequently, his claim appears procedurally defaulted.  *See, e.g.*, *Wainwright* v. *Sykes*, 433 U.S. 72, 81 (1977); *Bousley* v. *United States*, 523 U.S. 614, 622 (1998).

Nevertheless, "[w]here a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised on habeas . . . if the defendant can first

demonstrate either 'cause' and actual 'prejudice' . . . or that he is 'actually innocent.'" *Bousley*, 523 U.S. at 622. Mr. Beazer can do neither here. He does not attempt to argue that he is actually innocent of the predicate drug offense. He does not contest the charges or the fact of conviction; nor does he otherwise allege that he was wrongfully convicted of that offense.

Mr. Beazer cannot show cause for his failure to object to the classification of the drug offense as an ACCA predicate during his sentencing. As he concedes, his argument concerning the drug conviction does not flow from *Johnson II*. It was certainly available to him at the time of sentencing, even if it was, and remains, foreclosed by circuit precedent. *See e.g.*, *United States* v. *Moore*, 256 F.3d 47, 49 (1st Cir. 2002); *United States* v. *Weekes*, 611 F.3d 68, 72 (1st Cir. 2010). There has been no intervening change in case law that "represent[s] a clear break with the past," that would allow me to find cause here. *Reed* v. *Ross*, 468 U.S. 1, 17 (1984).

Mr. Beazer's claim concerning his drug offense is therefore procedurally barred.

**B.   *The Merits*.**

Even if Mr. Beazer's claim relating to his drug offense was able to surmount the threshold barriers to its assertion, it would still fail on the merits because, under case law I am

bound to treat as controlling, that conviction qualifies as a "serious drug offense" under ACCA. 18 U.S.C. § 924(e)(2)(A).

The term "serious drug offense" includes any "offense under state law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii).

The predicate offense at issue was prosecuted under M.G.L. c. 94C §§ 32 and 32A, both of which provide for a maximum term of imprisonment "in the state prison for not more than ten years, or in jail or house of correction for not more than two and one-half years" for "knowingly or intentionally manufactur[ing], distribut[ing], dispens[ing], or possess[ing] with intent to manufacture, distribute, or dispense a controlled substance." M.G.L. c. 94C § 32 (for controlled substances in Class A, as defined by M.G.L. c. 94C § 31); M.G.L. c. 94C § 32A (for controlled substances in Class B, as defined by M.G.L. c. 94C § 31); see also [PSR ¶ 36].

Though the statute is crafted in a way that recognizes the difference in sentencing authority between the Massachusetts Superior Court and the Massachusetts District Court, it plainly "allows for a maximum possible penalty of ten years incarceration, and, thus, fits comfortably within the ambit of 'serious drug offense' as that term is defined in [ACCA]."

*Moore*, 256 F.3d at 49. The fact that the statute contemplates a maximum penalty of two and one-half years if prosecuted in the District Court rather than the Superior Court does not change this fact. *Id.; see also Weeks*, 611 F.3d at 72. The First Circuit has reaffirmed this holding since *Johnson II*, and has made it clear that this is now settled law in this circuit. *See United States* v. *Hudson*, 823 F.3d 11, 14-15 (1st Cir. 2016) ("Because he was prosecuted in the district court, Hudson argues that he was not subject to a maximum term of imprisonment [required by ACCA]. That claim, however, is foreclosed by circuit precedent. . . . Hudson offers no new or previously unaddressed reasons to deviate from our prior holdings on the issue."); *United States* v. *Lopez*, 890 F.3d 332, 340 (1st Cir. 2018) (same).

I am bound by the First Circuit's precedent on this matter, and therefore hold alternatively that, even if this claim was not barred on timeliness and procedural default grounds, Mr. Beazer's February 11, 2013 conviction for possession with intent to distribute crack cocaine under Massachusetts law is a valid predicate offense under ACCA.

### III. THE *JOHNSON II* CLAIMS

The core of Mr. Beazer's petition rests on his argument that his prior convictions for Assault and Battery with a

Dangerous Weapon ("ABDW"),[2] Simple Assault and Battery, Assault with a Dangerous Weapon ("ADW"),[3] Simple Assault, Carjacking, and Armed Robbery are not categorically violent felonies under the force clause of ACCA.

This argument derives from the Court's decision in *Johnson II*. I conclude in Section III.A. that the argument is not barred at the threshold, and that I will address it on the merits. Based on guidance from the First Circuit in developing ACCA case law in the wake of *Johnson II*, I conclude that Mr. Beazer was improperly classified as an armed career criminal and is entitled to relief.

## A. *Procedural Barriers to Review*

Unlike his claim relating to his drug conviction, Mr. Beazer's *Johnson II* claims are not untimely; nor are they procedurally defaulted.

---

[2] Mr. Beazer has two prior convictions for Assault and Battery with a Dangerous Weapon ("ABDW"): one from the Norfolk Superior Court on June 26, 2007, [PSR ¶ 32], and one from the New Bedford District Court on August 20, 2007. [PSR ¶ 34]. His June 2007 conviction also included convictions for Simple Assault and Battery, Carjacking, and Armed Robbery, [PSR ¶ 32], while the August 20, 2007 convictions included a conviction for Simple Assault. [PSR ¶ 34].

[3] The PSR did not explicitly classify Mr. Beazer's conviction for Assault with a Dangerous Weapon ("ADW") as a predicate offense, [PSR ¶ 40], but rather reports that the conviction for ADW and his August 20, 2007 conviction for ABDW were treated as a single sentence because there were not separated by an intervening arrest, and because Mr. Beazer was sentenced to both offenses on the same day. [PSR ¶¶ 33, 34].

The Supreme Court explicitly acknowledged that *Johnson II* announced a new rule of law that is retroactively applicable on collateral review. *Welch*, 136 S. Ct. at 1268. Mr. Beazer filed his petition for habeas relief on June 23, 2016, less than one year after the right on which he now relies was announced in *Johnson II*, 135 S. Ct. 2551, and the right was made retractive in *Welch* v. *United States*, 136 S. Ct. 1257 (2016) (decided on April 18, 2016). Consequently, his petition for relief on his *Johnson* claims was timely filed. 28 U.S.C. § 2255(f).

Though Mr. Beazer did not seek direct review of his conviction, he satisfies the "cause and actual prejudice" standard to overcome procedural default. *See Bousley*, 523 U.S. at 622; *see also supra*.

A petitioner may show cause by demonstrating that his claim is "so novel that its legal basis is not reasonably available to counsel" at the time of conviction. *Bousley*, 523 U.S. at 622. To do so, the petitioner may show that his claim arises out of a circumstance where the Supreme Court "explicitly overrule[s] one of [its] precedents . . . [or] overturn[s] a longstanding and widespread practice to which [the Supreme Court] has not spoken, but which a near-unanimous body of lower court authority has expressly approved," or where a decision of the Supreme Court "disapprove[s] a practice that [the Supreme Court] arguably has sanctioned in prior cases." *Reed*, 468 U.S. at 17.

The Court's holding in *Johnson II* clearly satisfies this standard. When Mr. Beazer was sentenced in 2014, "the Supreme Court's decisions in *James* [v. *United States*, 550 U.S. 192 (2007)] and *Sykes* [v. *United States*, 564 U.S. 1 (2011)] were still good law. Both of those decisions had rejected challenges to the ACCA's residual clause on constitutional vagueness grounds." *Lassend* v. *United States*, 898 F.3d 115, 122 (1st Cir. 2018). *Johnson II* explicitly overruled both, and signaled a "clear break from the past," particularly with respect to cases under ACCA. *Id.*; *see also Reed*, 468 at 17. The *Johnson II* claims raised in this petition were not reasonably available to Mr. Beazer at the time of his sentencing, meaning he has adequately shown "cause" for his procedural default.

Mr. Beazer must also show that he suffered "actual prejudice" as a result of the complained-of errors. He does so here. If, in fact, Mr. Beazer did not have two prior non-drug offense convictions that are categorically violent felonies under the force clause of ACCA, "he can argue actual prejudice because his sentence was undoubtedly influenced by the determination that he had qualifying ACCA predicates" and should be sentenced as a career offender. *Lassend*, 898 F.3d at 123. In other words, if Mr. Beazer's claim succeeds on the merits, he would have suffered actual prejudice and be entitled to the

relief sought. *See Wainwright*, 433 U.S. at 84; *Lassend*, 898 F.3d at 123.

Consequently, I conclude Mr. Beazer's *Johnson II* claims are neither untimely nor procedurally defaulted, and I now turn to their merits.

**B.    *Assault Based Offenses***

Mr. Beazer focuses on his June 26, 2007 conviction for Assault and Battery with a Dangerous Weapon ("ABDW") and Simple Assault and Battery, [PSR ¶ 32], and his August 20, 2007 conviction for ABDW and Simple Assault.  [PSR ¶ 34].  The government, for the first time in its supplemental response, would also have me consider Mr. Beazer's August 20, 2007 conviction for Assault with a Dangerous Weapon ("ADW") as a predicate.[4]

These four offenses – simple assault, ADW, simple assault and battery, and ABDW – are treated similarly by Massachusetts law.  I will address each in turn for analysis of their elements.

---

[4] This conviction was not originally included in the PSR as expressly one of Mr. Beazer's predicate offenses, [PSR ¶ 40], but was treated as part of the same sentence as his August 2007 conviction for ABDW.  [PSR ¶¶ 33-34].  Given the confusion that the developing case law in this area has generated and the ambiguity created by the aggregation of designated armed career criminal predicates in the PSR, I decline to treat the current argument by the government that the August 20, 2007 ADW conviction is a valid predicate as subject to a waiver or forfeiture.  I will accordingly address it on the merits.

1.    Simple Assault

Under Massachusetts law, the elements of simple assault are
determined by the common law,[5] which recognizes two theories of
simple assault: "attempted battery and threatened battery."
*Commonwealth* v. *Porro*, 939 N.E.2d 1157, 1162-63 (Mass. 2010).
"A conviction of assault under a theory of attempted battery
requires the prosecution to prove that the defendant intended to
commit a battery, took some overt step toward accomplishing that
intended battery, and came reasonably close to doing so."  *Id*.
In this context, the victim need not be aware of the attempt,
and the battery need involve nothing more than an offensive
touch.  *Id*.  In contrast, "[a] conviction of assault under a
theory of threatened battery requires the prosecution to prove
that the defendant engaged in conduct that a reasonable person
would recognize to be threatening, that the defendant intended
to place the victim in fear of an imminent battery, and that the
victim perceived the threat."  *Id*.

A conviction under either theory of assault may be
sustained by a "mere touching."  *United States* v. *Martinez*, 762
F.3d 127, 137 (1st Cir. 2014).  Thus, a conviction for assault
does not require "a threat or attempt to cause physical harm;"
attempted or threatened "touching, if merely offensive, is

---

[5] M.G.L. c. 265 § 13A criminalizes, and sets the statutory
punishment for, simple assault without defining its elements.

sufficient." *Id.* at 138. Simple assault therefore does not require "violent force," and is not categorically a crime of violence under ACCA. *United States* v. *Whindleton*, 797 F.3d 105, 114 (1st Cir. 2015) (citing, among others, *Martinez*, 762 F.3d at 137–38).

Mr. Beazer's August 20, 2007 convictions for simple assault cannot serve as ACCA predicates. [PSR ¶¶ 33, 34].

### 2. Simple Assault and Battery

Mr. Beazer also contests the classification of his June 26, 2007 conviction for simple assault and battery as an ACCA predicate offense. Like simple assault, simple assault and battery under Massachusetts law is divisible into two categories: "intentional battery" and "reckless battery." *Porro*, 939 N.E.2d at 1163. Intentional battery requires "the intentional and unjustified use of force upon the person of another, however slight." *Id.* "Where the touching is physically harmful, consent is immaterial, but a nonharmful touching is only battery if there is no consent." *Id.* A reckless battery "is committed when an individual engages in reckless conduct that results in a touching producing physical injury to another person." *Id.*

While intentional battery that is physically harmful would categorically be a violent felony under ACCA, neither offensive battery – intentional battery that is not physically harmful –

nor reckless battery would be. *See United States* v. *Holloway*, 630 F.3d 252, 254, 262 (1st Cir. 2011). Massachusetts assault and battery "is thus overbroad," and a conviction for simple assault and battery may only qualify as a predicate offense if the statute is divisible. *See Mathis* v. *United States*, 136 S. Ct. 2243, 2248-49 (2016). If a statute is divisible, I must determine whether the defendant was convicted of the version of the offense that qualifies as a violent felony based only on "the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." *Shepard* v. *United States*, 125 544 U.S. 13, 26 (2005). In such circumstances, "the government bears the burden of proving that the defendant was convicted of a form that is an ACCA predicate." *United States* v. *Bain*, 874 F.3d 1, 30 (1st Cir. 2017).

Here, it is not immediately clear that the assault and battery statute at issue, M.G.L. c. 265 § 13A, is divisible into its intentional and reckless forms: the statute does not list potential crimes in the alternative or otherwise alter the punishment based on the way a particular crime was committed. *United States* v. *Faust*, 853 F.3d 39, 55 (1st Cir. 2017); *see also United States* v. *Kennedy*, 881 F.3d 14, 20 (1st Cir. 2018).

Even if it is divisible, however, there is no indication "that the intentional form was further divisible between offensive and harmful assault and battery." *Faust*, 853 F.3d at 58. "Because offensive assault and battery does not require violent force, the intentional form of [assault and battery] is therefore overbroad and categorically cannot count as a predicate for ACCA purposes." *Id*. Because the reckless form is also not categorically a violent felony, *see Holloway*, 630 F.3d at 262, Mr. Beazer's conviction for simple assault and battery cannot categorically qualify as a violent felony under ACCA.

### 3.   Assault and Battery with a Dangerous Weapon

Mr. Beazer argues that his convictions for ABDW are not predicate offenses for the purposes of ACCA. Like simple assault and battery, ABDW includes both "the intentional and unjustified use of force upon the person of another, however slight" and "the intentional commission of a wanton or reckless act causing physical or bodily injury to another." *United States* v. *Tavares*, 843 F.3d 1, 12 (1st Cir. 2016).

However, unlike simple assault and battery, the intentional form of ABDW "constitutes a crime of violence under § 4B1.2(a)(1) of the [Sentencing Guidelines]" because ADW is a lesser-included offense of this form of ABDW and ADW is, itself, a violent felony. *Id*. at 13 (citing *Whindleton*, 797 F.3d at 113-16). Consequently, the intentional form of ABDW is also a

violent felony under the force clause of ACCA. *Faust*, 853 F.3d
at 57 ("[W]e have previously found that the terms 'crime of
violence' under the career offender guideline and 'violent
felony' under the ACCA are nearly identical in meaning, so that
decisions construing one term inform the construction of the
other.").

The reckless form of ABDW, however, is not categorically a
violent felony under ACCA because "it does not require that the
defendant intend to cause injury . . . or even be aware of the
risk of serious injury that any reasonable person would
perceive." *United States* v. *Windley*, 864 F.3d 36, 38 (1st Cir.
2017) (per curiam); *see also Kennedy*, 881 F.3d at 19. For
petitioner's ABDW convictions to serve as predicate offenses
under ACCA, I must find "both that Massachusetts ABDW is
divisible into its intentional and reckless forms," and that Mr.
Beazer was convicted of the intentional form. *Kennedy*, 881 F.3d
at 19-20.

As with simple assault and battery, it is not immediately
clear that ABDW is divisible. *Id*. Assuming it is, the charging
documents do not show that Mr. Beazer was convicted of its
intentional form. With respect to Mr. Beazer's June 26, 2007
conviction, the terms of his plea agreement and the transcript
of his plea colloquy in state court have not been made part of
the record before me, so I may only consider the charging

document.  The charging document, for its part, simply alleges that Mr. Beazer "did, by means of a dangerous weapon to wit: a replica handgun, assault and beat" the victim.  Under Massachusetts law, the phrase "did assault and beat" is sufficient to charge an individual with assault and battery, and does not "identify which particular battery offense served as the offense of conviction."  *Holloway*, 630 F.3d at 260.

There is insufficient evidence in the record before me to show that Mr. Beazer, on June 26, 2007, was convicted of the intentional form of ABDW.  Since his conviction for simple assault and battery is also not a valid predicate, Mr. Beazer's June 26, 2007 convictions in Norfolk Superior Court may only qualify as an ACCA predicate if either his conviction for carjacking or for armed robbery are violent felonies, a question I will address in Section III.C. below.

Similarly, the record before me concerning Mr. Beazer's August 20, 2007 conviction does not identify whether Mr. Beazer was convicted of the intentional form of ABDW.  As with the charging documents for the June 26, 2007 conviction, the charging documents for the August 20, 2007 conviction indicate only that Mr. Beazer was charged with, and ultimately pled guilty to, the general crime of ABDW.  Consequently, this August 20, 2007 conviction also does not qualify as an ACCA predicate.

## 4.   Assault with a Dangerous Weapon

Mr. Beazer's August 20, 2007 conviction for ADW[6] could serve as an ACCA predicate.  As the First Circuit has held, "the [added] element of a dangerous weapon imports the 'violent force' required by *Johnson* into an otherwise overbroad simple assault statute." *Whindleton*, 797 F.3d at 114.  "Logically, the harm threatened by an assault is far more violent than offensive touching when committed with a weapon that is designed to produce or used in a way that is capable of producing serious bodily harm or death." *Id*.  ADW is therefore categorically a violent felony under the force clause of ACCA and consequently Mr. Baezer's August 20, 2007 ADW conviction may serve as a predicate offense for the sentencing enhancement.

## C.   *Theft Offenses*

In addition to his various convictions for assault and battery, Mr. Beazer was convicted on June 26, 2007 for armed robbery and carjacking.  [PSR ¶ 32].  Neither of these two convictions are proper predicate offenses under ACCA.  Since the conviction for ABDW and simple assault and battery are also not proper predicate offenses, *see supra*, the various June 26, 2007 convictions do not include a proper basis for his classification as a career offender under ACCA.

---

[6] ADW is defined in M.G.L. c. 265 § 15B.

1.    Armed Robbery

Under Massachusetts law, a person may be found guilty of
armed robbery if, "while armed with a dangerous weapon, [the
defendant] assaulted another person, and took money or property
from the person with the intent to steal it." *Commonwealth* v.
*Anderson*, 963 N.E.2d 704, 718 (Mass. 2012) (citing M.G.L. c. 265
§ 19).  The armed robbery statute, like the unarmed robbery
statute, M.G.L. c. 256 § 17, "restates the common law of
robbery." *Commonwealth* v. *Jones*, 283 N.E.2d 840, 842-43 (Mass.
1972).  It requires "proof of a larceny (1) from the person, and
(2) by force and violence, or by assault and putting in fear."
*Id*. at 843 (internal quotations omitted).

However, "the degree of force is immaterial so long as it
is sufficient to obtain the victim's property against his will."
*Id*. (internal quotations omitted).  Simply snatching a purse
from the victim is sufficient to satisfy the statute.  *Id*. at
844-45.  In so holding, the Massachusetts Supreme Judicial Court
"depart[ed] from the more common rule, under which robbery
requires some resistance by or injury to the victim, and
[instead] require[d] only sufficient force to make the victim
aware of the taking." *United States* v. *Starks*, 861 F.3d 306,
319 (1st Cir. 2017) (citing *Jones*, 283 N.E.2d at 844-45).[7]

---

[7] Importantly for my purposes here, the Massachusetts rule
regarding the amount of force required to effectuate a robbery

differs from both federal law and the law of various states, including Florida, which require the force used to be "sufficient to overcome a victim's resistance." *See Stokeling* v. *United States*, 139 S. Ct. 544, 548 (2019).

Earlier this year, the Supreme Court held that armed robbery, specifically in Florida, but more generally in states where robbery requires proof of "resistance by the victim that is overcome by the physical force of the offender," is a crime of violence under the force clause of ACCA. *Id*. at 555. However, the Court's decision in *Stokeling* v. *United States*, 139 S. Ct. 544 (2019), does not render Massachusetts armed robbery a crime of violence under the force clause. In Florida, unlike in Massachusetts, "a defendant who merely snatches money from the victim's hand and runs away has not committed robbery." *Id*. (citing *Goldsmith* v. *State*, 573 So.2d 445 (Fla. App. 1991)); *but see Commonwealth* v. *Jones*, 283 N.E.2d 840, 844-45 (Mass. 1972). The minimum amount of force required for a conviction under Florida law – or under the law of any state with a similar robbery statute - is higher than is required in Massachusetts and, as a result, robbery in those states may qualify as categorically a violent felony under the force clause, even if Massachusetts robbery does not.

Second, the law of Massachusetts differs from the federal law of robbery, as defined by the Hobbs Act, 18 U.S.C. § 1951, and the federal bank robbery statute, 18 U.S.C. § 2113. The Hobbs Act defines federal robbery as the "unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury." 18 U.S.C. § 1951. Federal bank robbery is defined almost identically but includes that the property being taken "belong to, or [be] in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association." 18 U.S.C. § 2113. The First Circuit has held that both Hobbs Act robbery and bank robbery (whether armed or unarmed) are categorically "crimes of violence" under 18 U.S.C. § 924(c), and therefore would qualify as predicate offenses under ACCA. *See e.g.*, *United States* v. *Garcia-Ortiz*, 904 F.3d 102, 107 (1st Cir. 2018) (holding that Hobbs Act Robbery is a crime of violence under the force clause of § 924(c)(3), which is almost identical to the definition of a violent felony under § 924(e)); *United States* v. *Ellison*, 866 F.3d 32, 39 (1st Cir. 2017) (holding that federal bank robbery and, by extension, federal armed bank robbery, is a "crime of violence" under the career offender sentencing guidelines effectively, and is a valid ACCA predicate); *Hunter* v. *United States*, 873 F.3d 388,

Under Massachusetts law, the only distinction between
unarmed robbery and armed robbery is the presence of a dangerous
weapon. But, to be convicted, a defendant need "not have used
or displayed the dangerous weapon during the robbery; it is
sufficient for the prosecutor to prove that the robber possessed
the dangerous weapon during the robbery," even if the victim did
not know the weapon was there. *Anderson*, 963 N.E.2d at 718.

Because the degree of force is immaterial and because the
victim need not be aware of the presence of a dangerous weapon,
Massachusetts armed robbery is not categorically a violent
felony under the force clause. *Starks*, 861 F.3d at 324 (1st
Cir. 2017). The categorical approach mandates that I consider
the "least serious conduct for which there is a realistic
possibility of a charge and a conviction." *Id.* Under the
statute as written, "there is no reason, in principle, that a
purse-snatcher with a knife in his or her pocket could not be

_____

389-90 (1st Cir. 2017) (holding that federal armed bank robbery
is an ACCA predicate).
    However, the First Circuit's holdings with respect to these
two federal offenses rest on a reading of the two statutes to
require "a threat of the kind of force described in *Johnson I*,
that is "violent force . . . capable of causing physical pain or
injury." *Garcia-Ortiz*, 904 F.3d at 107; *see also Ellison*, 899
F.3d at 36-37.
    In so holding, the First Circuit took the same position as
several of its sister circuits. *See e.g.*, *United States* v.
*Hill*, 890 F.3d 51 (2d Cir. 2018); *United States* v. *McNeal*, 818
F.3d 141 (4th Cir. 2016); *United States* v. *Melgar-Cabrera*, 892
F.3d 1053 (10th Cir. 2018); *United States* v. *Jenkins*, 651 F.
App'x 921 (11th Cir. 2016) (per curiam).

convicted of armed robbery." *Id.* at 322.  The statute also does
not require the "use of the dangerous weapon," meaning that a
conviction for armed robbery does not require "any sort of
touching committed with a weapon that is designed to produce or
used in a way that is capable of producing serious bodily harm
or death." *Id*. at 324.  The amount of force required by the
statute, then, is not enough to qualify as "violent force." *See*
*Johnson* v. *United States*, 559 U.S. 133, 140 (2010).

Armed robbery is therefore not categorically a violent
felony under ACCA.

### 2.   Carjacking

Mr. Beazer argues that his June 2007 conviction for
carjacking is also not categorically a violent felony under the
ACCA.  Under Massachusetts law, an individual is guilty of
carjacking when he "with intent to steal a motor vehicle,
assaults, confines, maims or puts any person in fear for the
purpose of stealing a motor vehicle," even if he does not
succeed in actually stealing the motor vehicle.  M.G.L. c. 265
§ 21A.  Massachusetts law recognizes that carjacking "has as an
element the use, attempted use, or threatened use of physical
force . . . against the person of another." *Anderson*, 963
N.E.2d at 715.[8]

---

[8] As with federal robbery, federal carjacking is defined
differently from Massachusetts carjacking, and qualifies as a

This does not mean, however, that it is categorically a violent felony under the force clause of ACCA. Indeed, though the First Circuit has not considered the question, Mr. Beazer urges me to hold that Massachusetts carjacking is indivisible or, in the event that it is divisible, that there is insufficient evidence to show that Mr. Beazer was convicted of the violent form of the offense.

The Supreme Judicial Court has suggested — but not held by terms — that carjacking is divisible based on whether the defendant committed the offense by "assaulting," "confining," "maiming," or "putting in fear" the victim. *Commonwealth* v. *Souza*, 702 N.E.2d 1167, 1178 (Mass. 1998); *see also Commonwealth* v. *Smith*, 691 N.E.2d 583, 584 (Mass. App. Ct. 1998). At least

---

predicate offense under ACCA.

Federal carjacking requires that the defendant take a motor vehicle "from the person or presence of another by force and violence or by intimidation." 18 U.S.C. § 2119; *see also* 18 U.S.C. § 2113. Moreover, federal carjacking adds an additional element – namely that the defendant act with "the intent to cause death or serious bodily harm." 18 U.S.C. § 2119. Like federal bank robbery, then, federal carjacking is categorically a violent felony under the force clause of ACCA. *See United States* v. *Cruz-Rivera*, 904 F.3d 63, 66 (1st Cir. 2018) (citing *Ellison*, 866 F.3d at 35 and *Hunter*, 873 F.3d at 390).

Federal carjacking is thus distinguishable from Massachusetts carjacking, which does not require the intent "to cause death or serious bodily harm." Like its federal counterpart, Massachusetts carjacking also incorporates, and is informed by, the state's definition of "robbery." Because Massachusetts robbery is not categorically a crime of violence, at least some forms of Massachusetts carjacking are also not crimes of violence.

when carjacking is effectuated through "assault" or by "putting a victim in fear," it is the lesser included offense of robbery (either armed or unarmed, based on the facts of the case). *Souza*, 702 N.E.2d at 1178 n. 31; *Commonwealth* v. *Travis*, 66 Mass. App. Ct. 1112, at *3 (Mass. App. Ct. June 19, 2006). Under First Circuit precedent, then, Massachusetts carjacking effectuated through "assault" or "putting in fear," cannot categorically be a violent felony under ACCA because their relevant included offenses – unarmed robbery and armed robbery – are not themselves categorically violent felonies.

If the statute is ultimately found to be indivisible, my inquiry should end at this point. Because the statute criminalizes conduct that extends beyond what is considered a violent felony under ACCA, it is not categorically a violent felony and a conviction under its terms cannot serve as a predicate offense. *See Mathis*, 136 S. Ct. at 2256.

If by contrast, the statute is definitively found to be divisible, I would look to the *Shepard* documents, particularly to the charging documents from the state court. Though these documents indicate that Mr. Beazer was convicted for carjacking, they do not indicate which variation of carjacking he was convicted for. Instead, they only list the generic offense. This is insufficient to show that Mr. Beazer was convicted of the violent form of carjacking (assuming one exists), and

therefore means that this conviction cannot serve as an ACCA predicate offense.  *See Faust*, 853 F.2d at 52; *Shepard* 544 U.S. at 21.

### 3.   Conclusion

Neither the conviction for carjacking nor the conviction for armed robbery may serve as an ACCA predicate offense.

### D.   *Recalculation of ACCA Predicates*

While Mr. Beazer has two ACCA predicates — one arising from his February 11, 2013 conviction for possession with intent to distribute crack cocaine and the other, his August 20, 2007 ADW conviction — the record before me in light of the recent transformation of ACCA case law effected by *Johnson II* does not support finding a third.  Because the government has not demonstrated Mr. Baezer has the requisite three predicate offenses to qualify as an armed career criminal under ACCA, he must be resentenced.

## IV. CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus, and the motion to vacate and correct Mr. Beazer's sentence, [Dkt. No. 58], under 28 U.S.C. § 2255 is GRANTED.


*/s/ Douglas P. Woodlock_____*
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE